Hon. Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON FUHR, individually, and AS EXECUTOR OF THE ESTATE OF SHAUN FUHR, DAVONTA TANIYA FUHR, individually,

Plaintiffs,

vs.

CITY OF SEATTLE, and NOAH ZECH

Defendants.

No.   2:23-cv-00600 BJR

ORDER REGARDING DEFENDANTS' REQUEST FOR DISCOVERY OF DCYFS RECORDS AND EXTRACTION OF CELL PHONE DATA

THIS MATTER came before the undersigned judge of the above-entitled Court pursuant to a discovery conference on the following two issues:

1. Defendants' request for discovery of records in the care and custody of the Washington Department of Children, Youth, and Family Services ("DCYFS"), and related justice agencies of the Washington Juvenile Court system, regarding decedent Shaun Fuhr, Ajiona Taylor, and their presumed children, minors L.T. and S.T. (collectively referred to as "the records"); and

2. Defendants' request to extract data and images from decedent Shaun Fuhr's two (2) cell

ORDER REGARDING DEFENDANTS' REQUEST FOR DISCOVERY OF DCYFS RECORDS AND EXTRACTION OF CELL PHONE DATA
(2:23-cv-00600 BJR)

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

phones which are currently in the custody of the Seattle Police Department, having been taken into evidence in connection with the criminal incident that is the subject matter of this litigation.

After receiving written submissions and hearing oral argument from both parties, and being fully advised in the premises of Defendants' discovery requests, it is hereby ORDERED that:

1. Defendants' request for discovery of the records is GRANTED, as follows:

    a. Defendants are entitled to, and Plaintiffs and the agencies mentioned herein shall facilitate, the disclosure of any and all records, reports, and case files maintained by DCYFS or any juvenile justice or care agency as defined in RCW 13.50.010, pertaining to Shaun Fuhr (DOB 03/25/1996), Ajiona Taylor (DOB 09/24/2000), Jason Fuhr (DOB 06/21/1975), Davonta Fuhr (DOB 01/14/1976), L.T. (DOB 01/01/2019), and S.T. (DOB 10/19/2020) in which any of the aforementioned individuals are a named subject or victim. This request includes but is not limited to records relating to any founded or unfounded CPS reports or investigations, and any other confidential records such as any records of any Juvenile Rehabilitation programs, educational records, health records, employment records, mental health records (RCW 70.02.230 or 240) and/or Chemical Dependency (CD) records (42 CFR Part 2). The Court finds these records to be relevant and discoverable in this matter. To protect any confidential information contained in these records, DCYFS, shall produce copies of these records directly to Defendants' Counsel, Rebecca Widen, c/o the Seattle City Attorney's Office, electronically or in paper form, with Defendants bearing any costs of production. Defendants' Counsel are ordered to designate these records as confidential and produce them in their entirety to Plaintiffs' Counsel pursuant to the

ORDER REGARDING DEFENDANTS' REQUEST FOR DISCOVERY OF DCYFS RECORDS AND EXTRACTION OF CELL PHONE DATA (2:23-cv-00600 BJR)

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

Protective Order entered in this case. The parties may use all records produced by DCYFS and any other care or juvenile justice agency pursuant to this Order solely for purposes related to this pending litigation. While DCYFS records may be reviewed by the parties with counsel, copies of any records produced under this order shall not be distributed outside of this Court, the offices of counsel, or the retained experts in this case.

    b. To the extent necessary, Defendants are permitted to file a petition with the King County Juvenile Court for an order authorizing the disclosure of records pertaining to the aforementioned individuals including all court records and dispositions, case files, any probation officer files, probation related records, transcripts, findings, incarcerations, mandatory rehabilitation treatment, any counseling records, any health related records, education related records, and any other record maintained by the juvenile court system. This Court specifically finds the requested records relevant and discoverable, and orders their disclosure for purposes of this litigation under the terms of this Order.

2. Cell Phone Data Extraction and Imaging

Defendants' request to extract data from decedent Shaun Fuhr's cell phones is GRANTED, as follows:

    a. All data of any kind, including but not limited to subscriber or registration account information, linked or associated accounts, device identifying information, usage information, positioning information, images, videos, files, messages, and deleted data found on decedent Shaun Fuhr's cell phones (black LG cellphone, serial number LM-X420MM, recovered from decedent Shaun Fuhr's jacket pocket; black LG cellphone with cracked screen that was found in the driver's seat of the vehicle that Shaun Fuhr was driving) that were created, accessed, or modified

ORDER REGARDING DEFENDANTS' REQUEST FOR DISCOVERY OF DCYFS RECORDS AND EXTRACTION OF CELL PHONE DATA
(2:23-cv-00600 BJR)

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

between March 29, 2020, at 12:00 a.m. through April 29, 2020, at 11:59 p.m. may be extracted and/or imaged as provided herein.

b. The Seattle Police Department (SPD) is authorized and ordered to clean the outside of decedent Shaun Fuhr's cell phones as necessary to remove any biohazardous material, then release the phones directly to the City of Seattle's vendor, Epiq, which shall perform the data extraction and imaging, and provide only the data, files and images for the time frame listed in this order directly to counsel for the City of Seattle. Upon completion of the data extraction and imaging, the cell phones shall be returned to SPD.

c. Defendants shall designate any data and images extracted from the cell phones as confidential, subject to the Protective Order entered in this case. Defendants shall produce a complete copy of all data and images received to Plaintiffs' counsel, and all parties shall handle the data in accordance with the Protective Order.

d. If Defendants determine that there may be additional relevant information on the cell phone(s) that exists outside the time limitation imposed by this Order, Defendants may bring this to the Court's attention and request further disclosure.

DATED this 20th day of May, 2024.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER REGARDING DEFENDANTS' REQUEST FOR DISCOVERY OF DCYFS RECORDS AND EXTRACTION OF CELL PHONE DATA
(2:23-cv-00600 BJR)

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200